UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN TONEY,<br><br>                            Petitioner,<br><br>                v.<br><br>KAMALA HARRIS, Attorney General of the State of California,<br><br>                            Respondent. | Civil No.   11cv1871-LAB (BGS)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

      Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, but has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254. If Petitioner wishes to proceed with this case, he must submit, **no later than October 24, 2011,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee.

      In addition, Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "Typically, that person is the warden of the facility in which the petitioner is incarcerated." Id.

1  Federal courts lack personal jurisdiction when a habeas petition fails to name a proper
2  respondent. See id.
3        The warden is the typical respondent. However, "the rules following section 2254 do not
4  specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the
5  institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal
6  institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a
7  petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall
8  be the state officer who has official custody of the petitioner (for example, the warden of the
9  prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).
10       A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of]
11 habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The
12 actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v.
13 Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of
14 habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the
15 body" if directed to do so by the Court. "Both the warden of a California prison and the Director
16 of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d
17 at 895.
18       Here, Petitioner has incorrectly named "Kamala Harris, Attorney General of the State of
19 California" as Respondent. The Attorney General of the State of California, is not a proper
20 respondent in this action. Rule 2 of the Rules following § 2254 provides that the state officer
21 having custody of the petitioner shall be named as respondent. Rule 2(a), 28 U.S.C. foll. § 2254.
22 However, "[i]f the petitioner is not yet in custody – but may be subject to future custody – under
23 the state-court judgment being contested, the petition must name as respondents both the officer
24 who has current custody and the attorney general of the state where the judgement was entered."
25 Rule 2 (b), 28 U.S.C. foll. § 2254. Here, there is no basis for Petitioner to have named the
26 Attorney General as a respondent in this action.
27       In order for this Court to entertain the Petition filed in this action, Petitioner must name
28 the warden in charge of the state correctional facility in which Petitioner is presently confined

1  or the Director of the California Department of Corrections and Rehabilitation. <u>Brittingham v.</u>
2  <u>United States</u>, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

### CONCLUSION AND ORDER

Based on the foregoing, the Court **DISMISSES** the Petition without prejudice due to Petitioner's failure to satisfy the filing fee requirement and failure to name a proper respondent. To have this case reopened, Petitioner must file a First Amended Petition no later than **October 24, 2011** in conformance with this Order. The Clerk of Court shall send a blank Southern District of California In Forma Pauperis Application and a blank Southern District of California amended petition form to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

**DATED: August 22, 2011**

*Larry A. Burns*

HONORABLE LARRY ALAN BURNS
United States District Judge